IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| EVA ROMAN, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, | ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. |
| | | JUDGE |
| PLAINTIFF, | | |
| | | CLASS ACTION COMPLAINT |
| V. | | |
| | | JURY TRIAL DEMANDED |
| LOANDEPOT.COM, LLC, | | |
| DEFENDANT. | | |

## INTRODUCTION

1. This lawsuit is brought by Eva Roman ("Plaintiff"), individually and on behalf of all others similarly situated, who alleges upon personal knowledge, investigation by counsel, and upon information and belief the following against loandepot.com, LLC ("Defendant").

2. Plaintiff is among a number of homeowners who financed the purchase of their homes through Defendant.

3. Plaintiff, whose resides in Kissimmee, Florida, was impacted by the devastation caused by Hurricane Irma in September 2017.

4. On or around September 20, 2017, Defendant offered Plaintiff an opportunity to enter a payment assistance program that would place her mortgage loan into forbearance for three months. The catalyst for this offer was to provide relief to those affected by Hurricane Irma.

5. Plaintiff accepted Defendant's offer on or around September 20, 2017 by responding to an email offering the forbearance.

6. Relying upon Defendant's offer to make her payments at a later time, Plaintiff did

1

not make a mortgage payment in October 2017 or November 2017.

7. Defendant notified Plaintiff on or around November 10, 2017 that her loan was in default as a result of her not paying her October and November mortgage payments.

8. Plaintiff requested that Defendant honor its forbearance offer, but it refused. Instead, Defendant informed Plaintiff that the only way she would be able avoid foreclosure would be to enter into a loan modification that had unfavorable terms, including an increased interest rate, and significantly increased Plaintiff's monthly mortgage payment.

9. To avoid foreclosure, Plaintiff agreed to a foreclosure prevention alternative that required her to make three payments in January, February, and March of 2018. Plaintiff made her payments in January and February, but when she went to make her payment in March, Defendant refused to accept it if she did not agree to enter into a loan modification.

10. Plaintiff's efforts to have Defendant honor its forbearance offer and return back to the initial terms of her mortgage agreement have been rebuffed by Defendant. Plaintiff is now in danger of losing her home as a result of Defendant's unsavory business practices.

**PARTIES**

11. Plaintiff Eva Roman now, and at all relevant times mentioned in this Complaint, is a resident of Kissimmee, Florida.  She resides at 3018 Madelia Lane, Kissimmee, Florida.

12. Defendant loandepot.com, LLC is a limited liability company organized under Delaware law and is headquartered in Foothill Ranch, California. According to Defendant, it is the country's fifth largest retail mortgage originator, and the second largest nonbank consumer lender. Defendant offers residential mortgages across the country, including Florida.

**JURISDICTION, VENUE AND AMOUNT IN CONTROVERSY**

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d), as the

aggregate amount in controversy exceeds $5,000,000, and the Plaintiff/class member and Defendant are citizens of different states

16. The Court has personal jurisdiction over Defendant because, among other things, Defendant's conduct targeted toward Plaintiff and members of the putative class occurred mostly in Florida.

15. Venue is proper under 28 U.S.C. §1391 because a substantial part of the events that give rise to Plaintiff's claims occurred in this District.

## STATEMENT OF FACTS

16. In or around November 2016, Plaintiff entered into a mortgage agreement to secure financing to purchase her home in Kissimmee, Florida.

17. Defendant had a presence in the development where Plaintiff's house is located. She was encouraged to choose Defendant to assist in the financing of her home as Defendant offered to furnish her new home with a refrigerator, a washing machine, and a dryer if she chose Defendant to finance the purchase.

18. Starting in December 2016, Plaintiff started making payments to Defendant to satisfy her mortgage obligations. Her payment due each month was $1,656.92. Plaintiff had an interest rate of 3.75%.

19. From December 2016 through September 2017, Plaintiff was timely with her mortgage payments.

20. In September 2017, Hurricane Irma impacted Florida, especially in Kissimmee where Plaintiff resided.

21. Defendant offered Plaintiff and other members of the putative class an opportunity to have their loan placed into forbearance for three months to provide an opportunity

to recover from the effects of Hurricane Irma. This offer was communicated to Plaintiff in an email she received from Defendant on or around September 20, 2017 and a letter dated September 25, 2017 that was sent to her by Defendant.

22. As set forth in the letter Plaintiff received from Defendant detailing the forbearance, Defendant informed Plaintiff that the forbearance plan would begin on October 1, 2017 and last through December 1, 2017 and that during that time she would not be required to make a payment. The letter stated that the forbearance plan would end on January 1, 2018 and that she would be contacted to reassess her circumstances.

23. Importantly, the letter stated:

> Please note that your current loan requirements remain in effect; however, you are not required to make any payment during the term of the forbearance plan. The amounts otherwise due have been suspended during this time.

24. Plaintiff even contacted Defendant via phone for assurance that the loan payments subject to the forbearance would placed at the end of her loan. Defendant's representative confirmed that was the case.

25. Defendant did not disclose to Plaintiff that she would need to agree to a loan modification that could alter her interest rate as a result of accepting the forbearance offer.

26. Relying upon Defendant's promise to place her loan into forbearance, Plaintiff did not make a mortgage payment in October 2017 or November 2017.

27. On or around October 17, 2017, Plaintiff received a loan statement from Defendant dated October 17, 2017 that informed her the amount due to Defendant was $3,313.84. This statement failed to take into account the forbearance offered by Defendant.

28. On or around November 10, 2017, Plaintiff received a letter from Defendant dated November 10, 2017 that stated it had not received her two mortgage payments for the months of

4

October and November and that Plaintiff was in default of her loan.

29. On or around November 17, 2017, Plaintiff received a loan statement from Defendant dated November 17, 2017 that informed her the amount due to Defendant was $4,970.76. This statement also failed to take into account the forbearance offered by Defendant.

30. Shortly after Defendant notified Plaintiff that she was in default of her loan, Defendant attempted to have Plaintiff enter into a loan modification that would add unfavorable terms to her agreement, such as increasing the interest rate from 3.75% to 4.25%. Plaintiff refused to enter into such a loan modification and simply requested that Defendant honor its initial forbearance offer.

31. On or around December 27, 2017, Defendant offered to place Plaintiff into a foreclosure prevention alternative program. Under this program, Plaintiff would need to make a mortgage payment of $1,573.69 each month for three consecutive months to avoid foreclosure and modify the loan agreement. Plaintiff, wanting to keep her home, agreed to enter into the foreclosure prevention alternative program.

32. Plaintiff made her first two payments in conjunction of the foreclosure prevention alternative program in January and February 2018. When she went to make her third payment over the phone, her payment was rejected because she did not agree to the loan modification that included unfavorable terms such as a higher interest rate. Plaintiff did not want to modify her loan agreement, but simply wanted Defendant to act in accordance with the forbearance plan it had offered to her in September 2017. As such, she refused to modify the terms of her original loan.

33. As Defendant did not accept her payment and Plaintiff was no longer subject to the aforementioned foreclosure prevention alternative program, Plaintiff became subject to new

terms in order to rehabilitate her mortgage loan. In a letter dated March 9, 2018, Plaintiff was informed that she needed to pay $3,149.02 by March 6, 2018 and approximately $2,156 each month for the proceeding five months to avoid foreclosure.

34. These amounts were simply too much for Plaintiff to keep paying consistently. Plaintiff's initial monthly payment was $1,656.92. In September 2018, Defendant initiated foreclosure proceedings against Plaintiff.

## CLASS ALLEGATIONS

35. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff seeks certification of a class defined as follows: "All individuals who have or had mortgages with loandepot.com, were offered loan relief as a result of a natural disaster, hurricane, tropical storm, flooding event, or any other weather-related reason, and such relief was never applied to those mortgages."

36. This class excludes the following: Defendant, its affiliates and subsidiaries, and its officers, directors, partners, employees, and agents; class counsel, their immediate family members and employees of their firms; counsel for Defendant, their immediate family members, and employees of their firms; and judicial officers assigned to this case and their staffs and immediate family members.

37. Numerosity. The members of the class are so numerous that their individual joinder is impracticable. The exact number of class members is not known at this time, but upon information and belief, there are more than 50 individual class members. The number of persons in the class and their identities and addresses may be ascertained from Defendant's records.

38. Existence and Predominance of Common Questions of Fact and Law. This action involves common questions of law and fact that predominate over any questions affecting individual class members, including, without limitation:

   a. Whether Defendant's conduct in not honoring its forbearance offer to the Plaintiff class was unconscionable;

   b. Whether Defendant's conduct in not honoring its forbearance offer to the Plaintiff class was unfair;

   c. Whether Defendant's conduct in not honoring its forbearance offer to the Plaintiff class was deceptive;

   d. Whether Defendant's conduct in not honoring its forbearance offer to the Plaintiff class caused harm to the Plaintiff class;

   e. Whether Defendant undertook a contractual duty to provide relief by way of loan forbearance to the Plaintiff class;

   f. Whether Defendant breached any contractual duties by not providing relief by way of loan forbearance to the Plaintiff class; and

   g. Whether Plaintiff class was harmed by any of Defendant's breaches of contractual duties by not providing relief by way of loan forbearance to the Plaintiff class.

39. Typicality. Plaintiff's claims are typical of the other class members' claims because Plaintiff and class members were subjected to the same wrongful conduct and damaged in the same way by Defendant not honoring the loan forbearances offered.

40. Adequacy of Representation. Plaintiff is an adequate class representative. Her interests do not conflict with the interests of the other class members he seeks to represent. She has retained counsel competent in consumer disputes and experienced in complex class action

litigation, and they intend to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately pursue and protect the interests of the class.

41. Superiority. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by Plaintiff and the other class members are relatively small compared to the burden and expense that would be required to litigate all of these claims individually. As a result, it would be impracticable for all class members to seek redress individually. Individualized litigation would also create a potential for inconsistent or contradictory judgments and increase the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION – FLORIDA DECEPTIVE AND UNFAIR PRACTICES ACT – FLA. STAT. § 501.201, *ET SEQ*.**

42. Plaintiff incorporates all preceding paragraphs by reference.

43. Plaintiff, who was impacted by Hurricane Irma in September 2017, accepted Defendant's offer to place her loan into forbearance and not make any payments through December 2017 in exchange for making those payment at the end of the loan.

44. However, Defendant never placed Plaintiff's loan into forbearance. Plaintiff, relying on Defendant's assertion that her loan was placed into forbearance, did not make payments on her loan during time she believed it was in forbearance.

45. As a result of not making payments due to relying on Defendant's offer to place her loan into forbearance, Defendant informed Plaintiff that she had defaulted on her loan. Defendant required Plaintiff to agree to unreasonable repayment terms and attempted to have her

modify her loan in a way that would be advantageous to Defendant and unfavorable for Plaintiff in order to avoid foreclosure. Plaintiff has resisted these efforts by Defendant and requested they honor their original forbearance offer and allow her to make her normal mortgage payments. Defendant refused to honor their forbearance agreement with Plaintiff and have initiated foreclosure proceedings against Plaintiff as a result.

46. Defendant's conduct of offering Plaintiff and members of the putative class loan forbearances as a result of the borrowers being impacted by a devastating natural disaster and then not honoring those loan forbearances was a misrepresentation of the forbearance offer, an unconscionable act and practice as well as an unfair and deceptive act and practice.

47. Additionally, Defendant's failure to disclose to Plaintiff and members of the putative class that they would need to agree to a loan modification that would increase the interest rate of their mortgage upon accepting the forbearance offer was an unfair and deceptive act and practice.

48. Defendant's misleading and false practices of promising Plaintiff and the members of the putative class that Defendant would allow a 3-month forbearance on their mortgage loans caused Plaintiff and the putative class significant financial hardship and has led to foreclosure proceedings being wrongfully initiated against Plaintiff and other members of a putative class.

49. As a direct and proximate result of Defendant's deceptive and unfair practices, Plaintiff and the putative class have incurred damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION – BREACH OF CONTRACT

50. Defendant formed an oral and/or written contract with Plaintiff and members of the putative class, whereby Defendant would place their loans into forbearance between October

2017 through December 2017 and Plaintiff would make the payments on the back end of the loan.

51. There was a meeting of the minds between Plaintiff and Defendant that the loan would indeed be placed into forbearance and Plaintiff would liable for the amounts not paid and any applicable, additional interest as a result of the forbearance.

52. Plaintiff provided consideration by promising to pay the amounts not paid and any applicable, additional interest at the end of the loan period.

53. It was the intent of Plaintiff and Defendant that both sides would be held to their end of the bargain, *i.e.*, that the parties had a binding legal contract.

54. Defendant breached its obligation and promise by not placing Plaintiff's loan into forbearance.

55. Defendant furthermore breached its obligation and promise by declaring Plaintiff had defaulted on her loan and took unconscionable steps in attempting to have Plaintiff avoid foreclosure by attempting to have her agree to a loan modification to where she would agree to unfair and unfavorable terms, such as agreeing to an increased interest rate on her mortgage.

56. As a direct and proximate result of Defendant's breach of contract, Plaintiff has endured financial hardships as a result of increased payments and is now at risk of losing her home because Defendant has initiated foreclosure proceedings against her.

57. As a direct and proximate result of Defendant's breach of contract, Plaintiff and the putative class have incurred damages in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for relief and judgment as follows:

(a) An order certifying this action as a class under Fed. R. Civ. P. 23(b);

(b)    An order appointing Plaintiff as class representative;

(c)    An order appointing the undersigned as class counsel;

(d)    An order finding judgment in favor of Plaintiff and members of the plaintiff class against Defendant;

(e)    Compensatory damages in an amount to be proven at trial;

(f)    Punitive damages, to the extent they are allowed under the applicable law;

(g)    Attorney's fees;

(h)    Costs of suit;

(i)    Pre- and post-judgment interest; and

(j)    Such further relief as this Court deems equitable, just, and proper.

## JURY DEMAND

A trial by jury is hereby demanded on all issues so triable.

Date: October 11, 2018                    Respectfully submitted,

/s/ H. Clay Parker, Esq
H. Clay Parker (FL 0818331)
**PARKER & ASSOCIATES, PA**
108 Hillcrest Street
Orlando, Florida 32801
Telephone: 407-894-8440
Facsimile: 407-894-0400
E-mail: hclay@hclayparker.com

James P. Booker (OH 0090803) (*pro hac vice to be submitted*)
Lydia M. Floyd (OH 0088476) (*pro hac vice to be submitted*)
**PEIFFER WOLF CARR & KANE, A Professional Law Corporation**
1422 Euclid Avenue, Suite 1610

>Cleveland, OH 44115
>Telephone: (216) 589-9280
>E-mail: jbooker@pwcklegal.com
>E-mail: lfloyd@pwcklegal.com